**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000607
31-JUL-2026
07:53 AM
Dkt. 97 SO**

NO. CAAP-24-0000607

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee, v.
ROLAND KEALOHA, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1PC151001478 & 1PC151001943)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Defendant-Appellant Roland Kealoha (**Kealoha**) appeals from the September 12, 2024 *Order of Resentencing; Revocation of Probation; Notice of Entry* entered by the Circuit Court of the First Circuit, the Honorable Trish K. Morikawa presiding (the **Morikawa Court**), in case numbers 1PC151001478 and 1PC151001943 (together, **both cases**). Kealoha also challenges the September 12, 2024 *Findings of Fact, Conclusions of Law, and Order Denying [Kealoha's] Amended Motion to Correct Illegal Sentence* entered in both cases (**Orders Denying Motion to Correct Illegal Sentence**). Having found no illegal sentence, the Morikawa Court resentenced Kealoha to four years of probation in both cases.

On appeal, Kealoha contends that the Morikawa Court erred in denying the February 22, 2024 *Amended Motion[s] to Correct Illegal Sentence* (**Motions to Correct Illegal Sentence**), which challenged earlier sentencing decisions made by the circuit court, the Honorable Shirley Kawamura presiding (the **Kawamura Court**).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Kealoha's contentions as follows.

## I.  Background

On September 16, 2015, Plaintiff-Appellee State of Hawaiʻi (the **State**) charged Kealoha via felony information and non-felony complaint in 1PC151001478 with Unauthorized Possession of Confidential Personal Information, in violation of Hawaii Revised Statutes (**HRS**) § 708-839.55, Count I; Fraudulent Use of a Credit Card, in violation of HRS §§ 708-8100(1)(b) and 708-8100(3), Count II; Theft in the Third Degree, in violation of HRS § 708-832(1), Count III; and Identity Theft in the Third Degree, in violation of HRS § 708-839.8, Count IV.

On December 11, 2015, the State charged Kealoha via felony information in 1PC151001943 with Theft in the Second Degree, in violation of HRS § 708-831(1)(b).

On February 2, 2016, Kealoha entered no contest pleas to all charges in both cases and moved to defer acceptance of her pleas.[1]  The Kawamura Court granted the motions for deferred acceptance on April 15, 2016, and entered an *Amended Order Granting Motion for Deferred Acceptance of No Contest Plea* in both cases on April 26, 2016 (**DANC Orders**).  In 1PC151001478, the deferral period was four years as to Counts 1, 2, and 4, and one year as to Count 3, all to run concurrently with each other; in 1PC151001943, the deferral period was four years, to run concurrently with the deferral periods in 1PC151001478.

On February 21, 2017, the State filed a *Motion to Set Aside Order for Deferred Acceptance of Nolo Contendere Plea and Acceptance of [Kealoha's] Nolo Contendere Plea for Judgment of Conviction and Sentence, and Issuance of Bench Warrant* in both cases (**Motions to Set Aside DANC Order**).  The motions sought to have the court set aside the DANC Orders and to find Kealoha

---

[1]  The record refers to Kealoha by both she/her pronouns and he/him pronouns.  The opening brief states that Kealoha uses she/her pronouns.  Accordingly, we use she/her pronouns in this summary disposition order.

guilty as charged in both cases based on her prior no contest pleas. Within two days, *i.e.*, by February 23, 2017, the Kawamura Court issued bench warrants in both cases.

Four years and nine months passed. On December 13, 2021, the bench warrants were served.

On January 19, 2022, Kealoha filed a *Motion to Deny the State's Motion to Set Aside Order for Deferred Acceptance of Nolo Contendere Plea and Acceptance of [Kealoha's] Nolo Contendere Plea for Judgment of Conviction and Sentence, and Dismiss for Violation of [Hawaiʻi Rules of Penal Procedure (***HRPP***)] Rule 9* in both cases (**Motions to Dismiss**). Relying in part on State v. Owens, 116 Hawaiʻi 172, 172 P.3d 484 (2007), the Motions to Dismiss sought orders "denying and dismissing with prejudice" the State's Motions to Set Aside DANC Order under HRPP Rule 9(c)(3)(i) "based on the unnecessary delay in serving the bench warrant[s] herein." Kealoha also argued that the court had "inherent power to dismiss the present case and to terminate the prosecution."

The State opposed the Motions to Dismiss, conceding that it could not demonstrate necessary delay in serving the bench warrants, but arguing that the proper remedy was dismissal of the Motions to Set Aside DANC Order, not dismissal of the entire case. The State further argued that under HRS § 706-627,[2/]

---

[2/] HRS § 706-627 (2014) provides:

(1) Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation shall be tolled pending the hearing upon the motion and the decision of the court. The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation, if any. In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.

(2) In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable, the defendant may be granted the period of tolling of the probation for purposes of

(continued...)

Kealoha's "period of probation," *i.e.*, period of deferral, should be tolled from February 21, 2017, when the Motions to Set Aside DANC Order were filed, to the date the motions would be resolved.

On February 10, 2022, the Motions to Set Aside DANC Order and the Motions to Dismiss came on for hearing before the Kawamura Court. Both parties indicated they would not be calling witnesses. The court took judicial notice of the record and files in both cases and then heard argument. Kealoha stated her understanding that the State was conceding unnecessary delay, "so the minimum is the motion itself must be denied." Kealoha also argued that "in light of the fact that . . . there's a denial of the motion itself, then the tolling period should not count." The State conceded an HRPP Rule 9 violation, but "ask[ed] that the court toll it."

The Kawamura Court ruled as follows:

> On April 15th, 2016, [Kealoha] was granted a four year term of . . . a deferral in both cases. [Kealoha] was assigned to the administrative risk management section, failed to report, and failed to notify the probation officer of his [sic] change of address, did not pay restitution, tested positive for methamphetamine.
>
> And so in both matters a motion to set aside deferred acceptance of no contest plea was filed on February 21st, 2017.
>
> In Case No. 1CPC15-1-1943 a bench warrant was issued that very same day. In 1CPC15-1-1478 a bench warrant was issued two days later on February 23rd, 2017.
>
> The bench warrant was not served upon [Kealoha] until December 12th, 2021. Rule 9, subsection (c) subsection (3)(i) of the [HRPP] . . . requires bench warrants to be executed by the arrest of the defendant without unnecessary delay.
>
> Here, the State has presented no evidence and stipulates to the violation of [HRPP] Rule 9.
>
> The court, therefore, finds that the four years and nine months in serving [Kealoha] with a bench warrant amounted to an unnecessary delay under HRPP Rule 9, that

---

[2/] (...continued)
computation of the remaining probation, if any.

The Hawaiʻi Supreme Court has held that "[a]lthough HRS § 706-627 does not specifically address deferral periods under a [deferred acceptance of guilty (**DAG**)] plea, the public policy concerns and legislative intent underlying the tolling of probation are equally applicable to the tolling of a deferral period pursuant to a DAG plea." State v. Kaufman, 92 Hawaiʻi 322, 329, 991 P.2d 832, 839 (2000).

> [Kealoha] was apparently available for service in the jurisdiction, there is no evidence that he [sic] intentionally avoided service, and no evidence in fact that the State attempted service over the four-year period.
>
> Therefore, the motion to set aside order for deferred acceptance of no contest plea in both matters filed February 17th, 2021, are both denied.
>
> Under HRS 706-627, subsection (a), a motion to set aside the deferral tolls the period of deferral pending the decision of the court on the motion. The court . . . with respect to tolling, the court does find that the filing of the motion again tolled the time period of [Kealoha's] deferral, and therefore it's my understanding that [Kealoha] is and remains under deferral.
>
> Your terms and conditions remain in effect.

On February 18, 2022, the Kawamura Court entered its *Findings of Fact, Conclusions of Law, and Order Granting in Part, Denying in Part, [Kealoha's] Motion to Deny the State's Motion to Set Aside Order for Deferred Acceptance of Nolo Contendere Plea and Acceptance of [Kealoha's] Nolo Contendere Plea for Judgment of Conviction and Sentence, and Dismiss for Violation of HRPP Rule 9* in both cases (**Orders re Motions to Set Aside DANC Order and Motion to Dismiss**).

In August 2022, the State filed new motions to set aside the DANC Order in both cases. Following a November 30, 2022 hearing, the Kawamura Court granted the State's motions and resentenced Kealoha to four years of probation in 1PC151001943 and four years of probation in 1PC151001478 on Counts 1, 2, and 4. The court took no further action on Count 3.

On November 22, 2023, and December 4, 2023, the State filed a *Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant* in 1PC151001943 and 1PC151001478, respectively (**Motions to Revoke Probation**). On January 25, 2024, Kealoha stipulated to the revocation of probation in both cases before the Morikawa Court. The Morikawa court continued resentencing.

On February 22, 2024, Kealoha filed the Motions to Correct Illegal Sentence in both cases. In summary, Kealoha argued:

> The [Kawamura] Court erroneously tolled [Kealoha]'s deferral period after the Court denied the Motion[s to Set Aside DANC Order] that was filed on February 21, 2017 based on

5

> [Kealoha's Motions to Dismiss under] HRPP, Rule 9[.] [Kealoha]'s Deferral period lapsed on April 15, 2020, and [the Kawamura] Court no longer had jurisdiction to continue [Kealoha] on supervision or to revoke or modify the terms of his [sic] Deferral under HRS § 706-625 on November 30, 2022 and placed [Kealoha] on probation. Likewise, this Court no longer has jurisdiction to revoke [Kealoha]'s probation and resentence [Kealoha].

Kealoha also likened her case to State v. Banares, 153 Hawaiʻi 365, 538 P.3d 777 (App. 2023). She argued that because the Kawamura Court denied the State's Motions to Set Aside DANC Order based on the HRPP Rule 9 violation, and not on the merits of the motions, the tolling provisions of HRS § 706-627 did not apply to toll Kealoha's deferral period.

On March 7, April 9, and May 30, 2024, the Morikawa Court held hearings on the State's Motions to Revoke Probation and Kealoha's Motions to Correct Illegal Sentence. Because the latter motions were filed more than 90 days after the sentence was imposed, the Morikawa Court decided to treat them as nonconforming petitions under HRPP Rule 40(c)(2). The Morikawa court distinguished this case from Banares, stating that in Banares, the trial court "simply dismissed the petition," whereas in this case, the Kawamura Court "denied the petition, and [defense counsel] did the findings . . . ."

On September 12, 2024, the Morikawa Court entered the Orders Denying Motion to Correct Illegal Sentence in both cases. The Morikawa Court resentenced Kealoha to four years of probation in both cases.

## II. Discussion

On appeal, Kealoha contends that the Morikawa Court erred in denying the Motions to Correct Illegal Sentence because: "(1) the Kawamura [C]ourt's finding of a[n] [HRPP] Rule 9 violation effectively dismissed the State's [Motions to Set Aside DANC Order] under Owens; (2) the Kawamura [C]ourt's findings of fact, conclusions of law and orders related to the 2017 [Motions to Set Aside DANC Order] were unlawful because they were unsubstantiated and entered without a hearing; (3) the Morikawa [C]ourt erred in relying on the Kawamura [C]ourt's erroneous rulings; and (4) the Morikawa [C]ourt erred in holding that

Kealoha waived her right to appeal her illegal sentence."

Kealoha's first and third contentions are dispositive. As to her first contention, she argues:

> The Kawamura [C]ourt held an evidentiary hearing for the Motion[s] to Dismiss[,] . . . and did not hold [a] simultaneous evidentiary hearing[] on . . . the [Motions to Set Aside DANC Order]. The Kawamura [C]ourt could not hear the motions simultaneously because the motions addressed different issues, required distinct witnesses and dealt with distinguishable evidence. Rather, the Kawamura court invoked the witness exclusionary rule, took a stipulation from the State and then granted the Motion to Dismiss pursuant to HRPP Rule 9. Based on the State's stipulation, which related solely to the Motion[s] to Dismiss, the Kawamura [C]ourt could only lawfully issue a ruling on the Motion[s] to Dismiss. Once the Kawamura [C]ourt granted the Motion[s] to Dismiss, the underlying [Motions to Set Aside DANC Order], attached to the untimely served bench warrants, were dismissed. Owens, 116 Hawaiʻi at 177-178, 172 P.3d at 489-490. Given the dismissal of the [Motions to Set Aside DANC Order], HRS § 706-627 and its tolling provision were no longer applicable.

As to Kealoha's third contention, she argues that the Morikawa Court erred in relying on what the Kawamura Court did and "compounded the Kawamura [C]ourt's errors by denying the Motion[s] to Correct Illegal Sentence."

Under HRPP Rule 9(c)(3)(i), a warrant "shall be executed without unnecessary delay by the arrest of the defendant." In Owens, the supreme court addressed the application of this requirement to a post-conviction motion by the State to revoke a defendant's probation, where the defendant moved to dismiss the motion based on an almost five-year delay in serving the defendant with the related bench warrant. 116 Hawaiʻi at 173-74, 172 P.3d at 485-86. The supreme court held:

> (1) HRPP Rule 9 requires [the State] to serve warrants in both pre-conviction and post-conviction contexts without unnecessary delay, (2) [the State's] delay of nearly five years in serving [the defendant] with a bench warrant for his arrest amounted to an unnecessary delay under HRPP Rule 9 where [the defendant] was available for service in the jurisdiction of this state over the period of non-service, there was no evidence that [the defendant] intentionally avoided service, and there was no evidence that attempts had been made by [the State] to serve [the defendant] over the nearly five-year period, and (3) [the State's] duty to comply with HRPP Rule 9 in the service of the bench warrant is not excused by [the defendant]'s failure to obey a court order that resulted in the issuance of the bench warrant.

Id. at 173-74, 172 P.3d at 485-86.

7

The supreme court further ruled:  "Under [State v. ]Mageo,[ 78 Hawaiʻi 33, 889 P.2d 1092 (App. 1995)], then, the delay of nearly five years in serving [the defendant] with a warrant for his arrest amounts to an unnecessary delay in prosecution, warranting dismissal."  Id. at 178, 172 P.3d at 490 (emphasis added).  In Mageo, this court upheld the dismissal of a criminal case in the pre-conviction context for "want of prosecution," where the State offered no explanation for a two-year delay in serving the defendant with penal summonses.  78 Hawaiʻi at 37-39, 889 P.2d at 1096-98.  Nevertheless, it appears that the Owens court, in the post-conviction context, was referring to dismissal of the State's motion to revoke probation, as the court reversed the trial court's order revoking probation its order of resentencing, and as its order denying the defendant's motion to dismiss the State's motion to revoke probation for violation of HRPP Rule 9.  Id. at 175, 180, 172 P.3d at 487, 492.

Here, as in Owens, the State's delay of nearly five years in serving Kealoha with the bench warrants related to the Motions to Set Aside DANC Order amounted to an unnecessary delay under HRPP Rule 9.  As in Owens, it appears Kealoha was available for service in this jurisdiction, there was no evidence that she intentionally avoided service, and there was no evidence that attempts had been made by the State to serve her over the nearly five-year period.  In these circumstances, dismissal of the Motions to Set Aside DANC Order was warranted under Owens, as requested in part by Kealoha, and it was error for the Kawamura court to instead deny them.  See Banares, 153 Hawaiʻi at 368, 538 P.3d at 780 ("[T]he [HRPP] Rule 9 Order dismissing the Motion to Revoke [Probation] foreclosed [the circuit court's] ability to address 'whether or not there was any excusable failure to comply with any conditions of probation.'").  Had the Motions to Set Aside DANC Order been properly dismissed, there would have been no "decision" "concerning [or upon] the motion [to revoke,]" and the tolling provisions of HRS § 706-627 could not have applied to toll Kealoha's deferral period.  Id. (quoting HRS § 706-627).  It was therefore error to toll Kealoha's deferral period and to

8

effectively extend it beyond April 15, 2020.

"HRPP Rule 40 allows a petitioner to bring a claim of illegal sentence 'at any time' after final judgment, even if they failed to raise the illegal sentence claim in a previous petition[.]" Stanley v. State, 148 Hawaiʻi 489, 502, 479 P.3d 107, 120 (2021) (original brackets omitted). The Orders re Motions to Set Aside DANC Order and Motions to Dismiss included an illegal sentence because the court was not authorized to toll Kealoha's deferral period in these circumstances (see supra), and it thus improperly extended the deferral period. See State v. Kahalewai, 71 Haw. 624, 625, 801 P.2d 558, 560 (1990) (an illegal sentence is "a sentence which the court is not authorized to impose"). The Morikawa Court therefore erred in relying on the Orders re Motions to Set Aside DANC Order and Motions to Dismiss, and in denying the Motions to Correct Illegal Sentence.

### III. Conclusion

For the reasons discussed above, the following orders entered on September 12, 2024, in the Circuit Court of the First Circuit in 1PC151001478 and 1PC151001943 are reversed: (1) the *Order of Resentencing; Revocation of Probation; Notice of Entry;* and (2) the *Findings of Fact, Conclusions of Law, and Order Denying Defendant's Amended Motion to Correct Illegal Sentence*.

DATED: Honolulu, Hawaiʻi, July 31, 2026.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge